UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN RAYMOND OSKAR III,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 4:14-CV-04144-KES<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR DISMISSAL |

Defendant, the United States of America, moves for summary judgment on all claims asserted by plaintiff, John Raymond Oskar III, or, in the alternative, for partial dismissal of Oskar's claims. Oskar resists the motion. For the following reasons, the court denies the motion.

## BACKGROUND

The facts viewed in the light most favorable to Oskar, the non-moving party, are as follows:

Oskar is a veteran. He received medical care at the Veterans Administration Medical Center (VMAC) in Sioux Falls, South Dakota for acute pancreatitis/hepatitis. Oskar sought treatment for his condition on March 31, 2008. In early April of 2008, Dr. Gill, a surgeon at the VMAC, suggested that Oskar be transferred to another facility where pancreatic surgeries are more commonly performed. But Oskar was discharged from the VMAC on April 10, 2008.

Oskar returned to the VMAC in September of 2009 and was admitted for treatment of his pancreatitis ailment. He was transferred to Sanford Health's facilities on September 28, 2009, for emergency surgery due to a necrotizing pancreatitis condition. Oskar alleges that his intensified illness was caused by the VMAC's failure to ascertain whether his bowel perforation was resolved surgically and whether the medication prescribed by the VMAC caused his pacreatitis.

Oskar initiated his lawsuit acting *pro se* and alleged that the government was liable for medical malpractice. The VMAC received Oskar's administrative complaint on August 19, 2010, and denied the complaint on March 6, 2012. The VMAC also denied Oskar's request for reconsideration on March 26, 2014. Oskar filed suit in this court on September 11, 2014. Docket 1. The government moves for summary judgment or, in the alternative, for partial dismissal of Oskar's claims. Docket 13. Oskar obtained legal counsel, who noted her appearance for the first time on November 24, 2015. Docket 17.

## LEGAL STANDARD

Summary judgment on all or part of a claim is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also In re Craig*, 144 F.3d 593, 595 (8th Cir. 1998). The moving party can meet its burden by presenting evidence that there is no dispute of material fact or that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*,

477 U.S. 317, 322-23 (1986). Once the moving party has met this burden, "[t]he nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" *Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). "Further, 'the mere existence of some alleged factual dispute between the parties is not sufficient by itself to deny summary judgment. . . . Instead, the dispute must be outcome determinative under prevailing law.'" *Id.* (quoting *Get Away Club, Inc. v. Coleman*, 969 F.2d 664, 666 (8th Cir. 1992)). The facts, and inferences drawn from those facts, are "viewed in the light most favorable to the party opposing the motion" for summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## DISCUSSION

**I.     Medical Opinion Evidence**

Oskar alleges that the government is liable for medical malpractice. Under the Federal Tort Claims Act (FTCA), courts apply "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). According to Oskar's complaint, the acts or omissions occurred in South Dakota. Thus, the court applies South Dakota law.

In South Dakota, "[t]he general rule in medical malpractice cases is that negligence must be established by the testimony of medical experts" because "a verdict in a malpractice case based on inferences stemming from speculation

and conjecture cannot stand." *Magbuhat v. Kovarik*, 382 N.W.2d 43, 46 (S.D. 1986). But the general rule "does not exclude the opinions and conclusions of lay witnesses on subjects which are within the common knowledge and comprehension of persons possessed of ordinary education, experience and opportunity." *Id.* Here, Oskar alleges that he developed diabetes and a potentially lethal case of necrotizing pancreatitis as a result of the government's negligent examination, diagnosis, and treatment. Oskar's claims necessitate a determination of the standard of care that is required when a patient is treated for pancreatitis. This is not an issue within the common knowledge of lay people. *See Kostel v. Schwartz*, 756 N.W.2d 363, 383 (S.D. 2008) ("The complexity of neurosurgery does not pose that kind of self-evident situation [where expert opinion testimony is unnecessary]"); *Luther v. City of Winner*, 674 N.W.2d 339, 346 (S.D. 2004) (noting that "the typical lay person would have no idea how to design and construct a sidewalk under the conditions on Winner's Main Street").

Because determining the standard of care in this case is not within the common knowledge of lay people, Oskar must present expert testimony. Under the court's scheduling order, Oskar was given until June 12, 2015, to designate an expert and to disclose his expert's report. Docket 10 at 2. That deadline has passed, and Oksar has not designated an expert. The government argues that it is entitled to summary judgment because Oskar has not come forward with expert opinion evidence substantiating his medical malpractice claims.

Oskar filed a signed declaration while the government's motion was pending and after he obtained the assistance of legal counsel. *See* Docket 22. Oskar attests that he is a retired veteran who is unfamiliar with the intricacies of the legal system. *Id.* at 2. According to Oskar, he did not comprehend fully the importance of procuring expert opinion evidence in a timely manner. *Id.* at 7. But now that he has hired an attorney who is familiar with the legal system, Oskar asks the court for an opportunity to retain an expert and to substantiate his malpractice claims with expert opinion evidence. *Id.* Oskar has also included excerpts from his medical records that, if substantiated, could lend credence to his claims. *See* Docket 1 at 2-5.

Under Rule 56(e), the court may exercise its discretion in situations such as this where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as" ordinarily required. Fed. R. Civ. P. 56(e). The court may "give an opportunity to properly support or address the fact" or "issue any other appropriate order." Fed. R. Civ. P. 56(e)(1), (4). The Advisory Committee spoke directly to this point when Rule 56 was amended in 2010:

> The choice among possible orders should be designed to encourage proper presentation of the record. Many courts take extra care with pro se litigants, advising them of the need to respond and the risk of losing by summary judgment if an adequate response is not filed. And the court may seek to reassure itself by some examination of the record before granting summary judgment against a pro se litigant.

Fed. R. Civ. P. 56 Advisory Committee Notes (2010 Amendment). Although Oskar is no longer acting *pro se*, he was acting *pro se* while the deadline to

designate an expert lapsed. Additionally, the government's position is akin to receiving a judgment by default rather than on the merits. The court finds, therefore, that the interests of justice would best be served by allowing Oskar additional time to obtain and support his claims with expert opinion evidence. *See Roberts v. Browning*, 610 F.2d 528, 536 (8th Cir. 1979) ("However, even if a district judge feels that summary judgment in a given case is technically proper, sound judicial policy and the proper exercise of judicial discretion may prompt him to Deny the motion and permit the case to be developed fully at trial"). Thus, the court's scheduling order will be amended to provide Oskar this additional opportunity.

Oskar is cautioned, however, that expert opinion evidence will be required to substantiate his arguments going forward. If Oskar again fails to produce expert opinion evidence, summary judgment may be entered against him. *Cf. Moran v. United States Dep't of Health & Human Servs.*, No. CIV 05-3036, 2007 WL 963490 at *4 (D.S.D. Mar. 28, 2007) (granting summary judgment where plaintiff failed to support a medical malpractice claim with expert opinion evidence).

## II.   Statute of Limitations

The government moves under Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3) for partial dismissal of Oskar's claims due to a lack of subject matter jurisdiction. According to the government, Oskar's malpractice claims should be dismissed to the extent that those claims rely on events that occurred outside the two-year statute of limitations applicable to claims against

the government. The government asserts that Oskar's allegations concerning March and April of 2008 are untimely because the VAMC did not receive Oskar's administrative complaint until August 2010.

The statute of limitations for commencing certain civil suits against the government is established under the FTCA. It provides in relevant part that

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The government argues that compliance with the FTCA's two-year statute of limitations is a jurisdictional prerequisite to maintaining suit in federal court. The Supreme Court, however, has considered the same argument the government makes here. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015). In *Kwai Fun Wong*, the government argued that § 2401(b)'s statute of limitations imposed a jurisdictional restriction on the power of federal district courts to hear FTCA claims. *Id.* The Court disagreed. It held unequivocally that "Section 2401(b) is not a jurisdictional requirement. The time limits are just time limits, nothing more." *Id.* at 1633. Thus, the government's motion to dismiss is denied.

Construing the government's motion as one for summary judgment, the court denies the motion. The government's position is that Oskar's claims accrued more than two years before his administrative claim was filed with the VMAC. Generally, a claim "accrues" under the FTCA at the time of the

plaintiff's injury. *Osborn v. United States*, 918 F.2d 724, 731 (8th Cir. 1990). "Courts recognize, however, an exception for medical malpractice cases, in which the injury and cause are not immediately known. Under the 'discovery rule,' which [the Eighth Circuit Court of Appeals] applies to medical malpractice cases under the FTCA, the claim accrues when the plaintiff discovers, or should have discovered the cause of injury." *Id.* (internal citations omitted); *see also Flores v. United States*, 689 F.3d 894, 901 (8th Cir. 2012).

The Eighth Circuit has explained that

> The rationale behind the modified rule is to protect plaintiffs who are blamelessly unaware of their claim because the injury has not yet manifested itself or because the facts establishing a causal link between the injury and the [tortious activity] are in the control of the tor[t]feasor or are otherwise not evident.

*Garza v. United States Bureau of Prisons*, 284 F.3d 930, 934 (8th Cir. 2002) (quoting *Diaz v. United States*, 165 F.3d 1337, 1340 (11th Cir. 1999) (alteration in original). "Therefore . . . the plaintiff may show that he had no reason to believe he had been injured by an act or omission by the government." *Id.* Additionally, under the continuous treatment doctrine, "a cause of action accrues when tortious treatment ends, rather than when awareness of the injury begins." *Sell v. United States Dep't of Justice*, 585 F.3d 407, 411 (8th Cir. 2009). Viewing the facts in the light most favorable to Oskar, it is not clear when he discovered the cause of his injury. Additionally, the allegedly tortious treatment Oskar received could have continued up through September 2009. If so, Oskar would have been well within the two-year limitations period by filing

his administrative complaint in August 2010. Thus, summary judgment is denied.

## CONCLUSION

The government is not entitled to summary judgment or to an order of dismissal on Oskar's claims. Oskar will be given an opportunity to substantiate his malpractice claims with expert opinion evidence. Thus, it is

ORDERED that the government's motion for summary judgment or, in the alternative, to dismiss (Docket 13) is denied.

Dated February 26, 2016.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE